SCOTT-GRAFF LUMBER COMPANY v. INDEPENDENT SCHOOL DISTRICT NO. 1.[1]

December 2, 1910.

Nos. 16,830—(123).

**Invalid builder's bond — action by materialman against school district.**
    A builder's bond to a municipality, which is not conditioned for the payment of labor and material furnished pursuant to the contract which the bond is given to secure, is not a compliance with section 4535, R. L. 1905; and if the materialman is unable to collect from the contractor, he may have against the municipality the action given by section 4536.

**Pleading — laches.**
    It does not appear from the complaint that plaintiff has been guilty of laches in pressing its claim against the original debtor.

Action in the district court for St. Louis county to recover $971.12, damages alleged to have been sustained on account of defendant's failure to require a statutory bond for the protection of materialmen and laborers in connection with a contract for the erection of a certain schoolhouse. The condition of the bond taken from the contractor and the surety company is given in the opinion. The complaint alleged, inter alia, that the material was sold between July 20, 1908, and January 1, 1909; that plaintiff had recovered a judgment against the contractor, which was entered against the contractor on January 5, 1910, execution had been issued and returned unsatisfied, and no part of the judgment had been paid. Defendant

[1]Reported in 128 N. W. 672.

demurred to the complaint on the ground it did not state facts sufficient to constitute a cause of action. From an order, Cant, J., overruling defendant's demurrer to the complaint, it appealed. Affirmed.

*Andrew Nelson,* for appellant.

*Baldwin, Baldwin & Dancer,* for respondent.

O'BRIEN, J.

Defendant appeals from an order overruling its demurrer to the complaint, which alleged a contract between defendant and one Henricksen for the erection of a schoolhouse, and the sale of lumber therefor by plaintiff to Henricksen, who later became insolvent, leaving an unpaid balance upon the account. The complaint further alleged a failure by defendant to exact any bond from Henricksen, except one in the sum of $15,000 conditioned as follows:

"Whereas, the above-bounden H. C. Henricksen has, under date of July 20, 1908, entered into a contract with the above-named Independent School District No. 1, Cook county, Minn., by which he has agreed to provide all the materials and perform all the work for the erection and completion of a two-story and basement concrete block school building, including plumbing, ventilation, electric wiring (concrete blocks to be furnished by the school district free to the contractor), all complete, as shown in the drawings and described in the specifications referred to in said contract, and made a part thereof:

"Now, therefore, if the said H. C. Henricksen shall fully perform said contract in all of its parts, and perform all the obligations required of him to be performed thereunder, then this obligation to be void; otherwise, to remain in full force and effect."

The price for the building according to the contract, attached to the complaint, was $25,905. This action is brought under section 4536, R. L. 1905, for damages because of defendant's failure to exact the bond provided for by section 4535.

1. In order that this action may be maintained, it is necessary to show, not only a failure upon the part of the public corporation to exact the statutory bond, but that plaintiff has been damaged as a result. Wilcox L. Co. v. School District No. 268 of Otter Tail

County, 103 Minn. 43, 114 N. W. 262; Waterous Engine Work. Co. v. Village of Clinton, 110 Minn. 267, 125 N. W. 269. If plain-tiff could have an action upon this bond, the complaint, not show-ing any attempt to bring such an action, would be defective. The one test to be applied, therefore, is whether such right existed. Upon this question counsel for defendant relies mainly upon MacKenzie v. Board of School Trustees of Edinburg, 72 Ind. 189; but that case does not go to the extent claimed. It was there held that the obligee named in the bond had an action upon it for failure by the contractor to pay for materials furnished, although the contract merely speci-fied he was to "furnish" the material. If this were an action by the obligee, the case cited would be in point and easily followed. Upon the other hand, if the bond here afforded no protection, the situation is the same as though no bond were executed. Wilcox v. School Dis-trict No. 268 of Otter Tail County, supra; Union Sewer Pipe Co. v. Olson, 82 Minn. 187, 84 N. W. 756.

In Jefferson v. Asch, 53 Minn. 446, 55 N. W. 604, 25 L.R.A. 257, 39 Am. St. 618, it was held that the materialman had no action upon a builder's bond, although executed for the use of all persons who might do work or furnish material, and conditioned for the pay-ment of all just claims for work and material. The syllabus of that case reads as follows: "A stranger to a contract between others, in which one of the parties promises to do something for the benefit of such stranger, there being nothing but the promise, no consideration from such stranger, and no duty or obligation to him on the part of the promisee, cannot recover upon it."

If the bond in this case were conditioned to pay for labor and ma-terials furnished, we would not consider the Jefferson case control-ling, as the statute now provides that the laborer or materialman may sue directly upon the bond; but in the absence of any such con-dition it must be held that plaintiff was an entire stranger to the bond and had no right of action upon it. Eau Claire-St. Louis Lum-ber Co. v. Banks, 136 Mo. App. 44, 117 S. W. 611. As to whether or not the execution of the bond by the surety company for com-pensation would alter the rule stated in the Jefferson case, upon the ground that the compensation so paid was a good consideration,

should not be determined upon this demurrer, as no such fact appears upon the face of the complaint. We cannot see, however, that, even if such a fact were proved, it would obviate the necessity of the bond being properly conditioned.

2. Defendant argues plaintiff was so negligent in pressing its claim against the contractor as to have lost its rights against defendant. This is not supported by the facts appearing from the complaint, and upon demurrer we cannot sustain this contention.

Order affirmed.