HANDELAN, etc., Appellant, v. SMEE SCHOOL DISTRICT NO. 4 OF WAKPALA, SOUTH DAKOTA, Respondent.

(159 N. W. 888.)

(File No. 3866.   Opinion filed November 13, 1916.)

1. **Contracts—Sub-contractor's Suit—Construction of School Building—Recovery by Sub-contractor—Inadequate Statutory Bond, Effect of, on School District—Statute.**

   Under Laws 1909, Chap. 245, Sec. 1, providing in effect that a school district, when letting a contract for the erection of a school building, shall require the contractor to furnish a bond conditioned for payment of all labor and material entering into the construction of the building, and Sec. 2, providing that on failure to require such bond, the school corporation shall be liable to the person performing labor or furnishing material for such construction, and that an action may be maintained therefor, held, that where the contractor's bond failed to contain such provision for payment of labor and material, such school corporation is liable to the sub-contractor therefor.

2. **Contracts—Sub-Contractor's Labor and Materials for School Building—Right to Recover—Insolvency of Principal Contract, Materiality of.**

   Under Laws 1909, Chap. 245, in effect requiring a school corporation, when contracting for the construction of a school building, to require contractor to furnish a bond conditioned, among other things, for payment of all labor and material entering into construction thereof, and that upon failure to

require such bond, the school corporation shall be liable to the sub-contractor for such labor and material, held, that the right of the sub-contractor to recover from the corporation does not depend upon the insolvency of the principal contractor.

3. **Contracts—Construction of School Building—Value of Sub-Contractor's Labor and Material—Acceptance of Work and Material as Complying With Original Contract, Effect, as to Value.**

Where, in defense to a contractor's suit for labor and material furnished in the construction of defendant school district's school building, it is objected that there are no allegations or proof of value of such labor and material, and no allegation of written promise by the school district to the contractor to sublet the work to plaintiff, as required by the original contract, held, that the fact that it is conceded that the labor and material entered into such construction, and where they were accepted by the school district as constituting a compliance with contractor's contract as completed by a surety company, is substantial evidence that the labor and material furnished were in accordance with the principal contract.

4. **Trials—Sub-Contractor's Suit for Labor and Materials—School Building—Conclusions of Law, Contractor's Insolvency, Cⁿ sent to Sub-contract, Insufficiency, to Sustain Judgmer' ..ïa-tute Construed.**

In a suit by a sub-contractor against a school district corporation, to recover for labor and materials furnished in the construction of a school-building, held, that conclusions of law, that plaintiff failed to allege or prove contractor's insolvency, and that plaintiff's sub-contract was made without written consent of defendant, as required by its contract with the conractor, made by the trial court, are not, nor is either of said conclusions conclusive upon plaintiff's rights; that defendant cannot escape statutory liability by inserting in its contract a clause requiring its consent to a sub-contract. So held, construing Laws 1909, Chap. 245, requiring in effect that such school district, when contracting for the erection of a school building, shall require of the contractor that he furnish a bond, conditioned among other things, for payment of all labor and material entering into the construction of such building, and that failure to require such bond shall render the corporation liable to the contractor for such labor and material, and that an action may be maintained therefor; and such liability arises without regard to the insolvency of the principal contractor.

5. **Contracts—Construction of School Building—Recovery by Sub-Contractor—Payment to Contractor's Surety, Defense of, to Sub-Contractor's Claim, Effect—Non-consent to Furnishing Materials, Defense, Tenability.**

In a suit by sub-contractor against a school district, for labor and material furnished in the construction of a school building, it appearing that the larger portion of the money due under the contract was paid to the contractor's surety, and that the surety bond to the school district gave it the right to take over and furnish the contractor's contract and receive the money due, without regard to rights of sub-contractors who have theretofore furnished labor and material, **held**, construing Laws 1909, Chap. 245, requiring in effect that a school corporation, when contracting for the erection of a school building shall require the contractor to furnish a bond conditioned, among other things, for payment of all labor and material entering into the erection of the building, and that failure to require such bond shall render the school corporation liable to the person furnishing such labor or material, that a school corporation is liable to such sub-contractor, where it has failed to require such bond to be given, and cannot escape liability on the ground that it did not consent to the furnishing of such labor and material, whether by sub-contractors or others not sub-contractors.

6.  Contracts—Sub-Contractor's Claim Against School District—Statutory Bond for Payment of Labor and Material—Obligation of Contracts—Loaning of Public Credit—Statute, Constitutionality of Mechanics Lien Law.

Under Laws 1909, Chap. 245, providing in effect that a school corporation, when contracting for the erection of a school building, shall require contractor to furnish a bond conditioned, among other things, for payment of all labor and material entering into construction of the building, and that failure to require such bond shall render the corporation liable to pay the person furnishing such labor and material, and that an action may be maintained therefor, held, that said statute, wherein it requires, in order to relieve the corporation from such liability to a sub-contractor, that it require the furnishing of a bond containing such condition, is not unconstitutional, either as impairing the obligation of contracts, or as being prohibited by Con. Art. 13, Sec. 1, in effect prohibiting a school district from loaning or giving its credit in aid of any individual, except for certain specified purposes therein contained; and the constitutionality of mechanic's liens laws, as against such objections, is affirmed.

Appeal from Circuit Court, Corson County.  Hon. RAYMOND DILLMAN, Judge.

Action by Dan Handelan, as sub-contractor, against Smee School District No. 4 of Wakpala, South Dakota, and others, to

recover for a balance due for labor performed and material furnished in the construction of defendant's school buildings. From a judgment against plaintiff and in favor of defendant school district, and from an order denying a new trial, plaintiff appeals. Judgment and order reversed.

*Fred C. Huntington,* for Appellant.

*Carpenter & Morrison,* for Respondent.

(1) To point one of the opinion, Appellant cited: Fransioli v. Thompson et al., 104 Pac. 278; Fransioli v. Thompson et al., 111 Pac. 564; Gates City Lumber Co. v. City of Montesano, 111 Pac. 799; Gates City Lumber Co. v. City of Montesano, 122 Pac. 26; American Mill Co. v. City of Montesano, 116 Pac. 257; Hambach v. Ward et al., 125 Pac. 140; Crale Creek Lbr. Co. v. Town of Othello, 142 Pac. 429; Scott-Groff Lumber Co. v. School District, 128 N. W. 672; Albright v. Smith, 3 S. D. 632.

(2) To point two of the opinion, Respondent cited: Wilcox Lumb. Co. v. School Dist. (Minn.) 114 N. W. 262.

(3) To point three of the opinion, Respondent cited: Hambach v. Ward, (Wash.) 125 Pac. 140, 142.

(4) To point four of the opinion, Respondent cited: 27 Cyc. 93, note; Notes 20 L. R. A. 660, and cases cited; Benedict v. Danbury, 24 Conn. 320; Bowen v. Aubrey, 22 Cal. 566, 20 L. R. A. id.

(6) To point six of the opinion, Respondent cited: Gibbs v. Tally (Cal.) 60 L. R. A. 815, 133 Cal. 373; Snell v. Bradbury, 139 Cal. 380; Bolln v. Irrigation Co. (Wyo.) 29 L. R. A. (N. S.) 868, 873; Const. Art. 13, Sec. 1; Wilcox Lumb. Co. v. School Dist. (Minn.) 114 N. W. 262.

SMITH, J. In August, 1912, one Laisy entered into a contract with Smee school district No. 4, Corson county, for the construction of a school building for a total consideration of $4,975. Thereafter, on or about August 26, 1912, the contractor Laisy furnished a bond executed by the Northwestern Surety Company of Mitchell, S. D., as obligor, in favor of said school district, as obligee, conditioned only that, if said Laisy should make any default in the construction, erection, and completion of said school building, according to the terms and provisions of said contract, the said surety company should be liable to pay

said school district a sum not to exceed in all $10,000, or would itself perform and complete said contract. This bond did not contain any condition or provision for the payment of all labor and material entering into the erection of said building.

On September 27, 1912, the plaintiff entered into a contract with said Laisy to furnish the labor and material, and for the installation of the plumbing, heating plant, and sheet metal work for said building, for a consideration of $1,204. Laisy failed to complete his contract, and the work was taken over and completed by the surety company. The plaintiff completed his contract, and the work, labor, and materials furnished by him were accepted by the school district, as part of the building completed by the surety company. After the completion of plaintiff's contract, and upon order of the surety company, the defendant school district paid plaintiff the sum of $222.25, which, together with $44 freight paid for plaintiff by Laisy, constitute the only payments on account of the contract, or on account of the labor and materials furnished.

Plaintiff brought this action to recover the balance due, and made the school district, the contractor, Laisy, and the surety company, parties defendant. By reason of proceedings not material here, the final judgment here for review was adverse to plaintiff in favor of the school district alone. The appeal is from this judgment, and presents no questions except such as affect the liability of the school district. At the close of all the evidence plaintiff and defendant each moved for a directed verdict, whereupon, without objection by either party, the jury was excused, and thereafter the trial court made findings of fact and conclusions of law, upon which judgment was entered in favor of defendant school district. The findings, among other things, disclose the facts hereinbefore stated. The only assignment of error we deem it necessary to consider is that the conclusions of law and judgment are not sustained by the findings of fact.

Chapter 245, Laws 1909, provides:

"Section 1. Whenever any public or quasi public corporation shall let any contract for the erection, alteration, repair or improvement of any building, it shall be the duty of such corporation to require of the contractor with whom it contracts, to furnish a

bond in at least the amount of the contract price, conditioned in addition to the requirements now provided by law, for the payment of all labor and material that enter into the erection, alteration, repair or improvement of said building.

"Sec. 2.   In case any such corporation shall fail or neglect to require the bond to be given as provided in section 1 of this act, then in that event such corporation shall be liable to pay to any person, firm, corporation, or association who shall have performed labor or furnished any material that entered into the erection, alteration, repair or improvement of said building the value of such work or material and an action may be maintained therefor."

[1] The trial court finds as a fact that the bond furnished by the contractor, Laisy, was not conditioned "for payment of all labor and material that enter into the erection, alteration, repair or improvement of said building," as required by this statute.   In such case the act in direct and unmistakable language declares:

That "such corporation shall be liable to pay to any person, firm, corporation or association who shall have performed labor or furnished any material that entered into the erection, alteration, repair or improvement of said building, the value of such work or material," and that "an action may be maintained therefor."

[2, 3, 4] Respondent's contentions are :   First, there is no allegation, proof or finding that the contractor, Laisy, was insolvent; second, there is no allegation or proof of the value of the labor and material furnished; third, there is no allegation of written permission by the school district to Laisy to sublet any part of the work to plaintiff, as required by the original contract; fourth, there was no proof that the material or labor were in accordance with the principal contract; fifth, the statute (chapter 245, Laws 1909) upon which plaintiff's claim is based is unconstitutional.   It is sufficient to say that under this statute the liability of the corporation and the right of plaintiff to maintain the action are not predicated upon the insolvency of the principal contractor, as it is under a somewhat similar statute of Minnesota.   Scott-Graff Lumber Co. v. Independent School District, 112 Minn. 474, 128 N. W. 672; Wilcox Lumber Co. v. School Dist., 103 Minn. 43, 114 N. W. 262.   As to respondent's second and third contentions, it is obvious that the labor and material

furnished by plaintiff, and which it is conceded entered into the construction of the school building, had a substantial value, and the fact that they were accepted by the school district as constituting a compliance with Laisy's contract as finished and completed by the surety company is substantial evidence that the labor and material furnished were in accordance with the principal contract. There is no pretense that plaintiff has been paid the contract price or the value of the labor and material by any one, although it is conceded that defendant has received the full benefit thereof. The issue, we think, should be treated as involving only a plea of nonliability of the district under the statute, especially in view of the fact that the trial court finds that plaintiff about April 1, 1913, did finish and complete his contract, and that there is still due and owing to him from Laisy a balance of $935.75. The trial court founds the judgment upon two conclusions of law only: First, that plaintiff failed to allege or prove the insolvency of Laisy; and, second, that plaintiff's contract with Laisy was made without the written consent of the school district, as required by its contract with Laisy. Neither of these is conclusive upon plaintiff's rights. Certainly the defendant district cannot be held to escape a liability imposed by statute by inserting in its contract a clause requiring its own consent to a subcontract—a matter in no way connected with its failure to require a proper bond from the principal contractor. The statute in terms declares that a failure or neglect to require the bond creates a liability against the district in favor of any person who shall have performed labor or furnished any material that entered into the erection of the building, and such liability arises by force of the statute, without regard to the solvency or insolvency of the principal contractor. Whether such liability may be in excess of its original contract liability we are not called upon to determine upon this appeal.

[5] The defendant district in its answer alleges that it has paid to Laisy the full amount of the contract price, but the trial court made no finding thereon, and the record fails to show all the facts. It does show, however, that the larger portion of the money due under the contract was paid to the surety company and disbursed by it, and that its bond to the district gave it the right to take over and finish Laisy's contract and receive the money due,

without regard to the rights of those who had theretofore furnished labor or material. A construction of this statute which would leave such laborers and materialmen without recourse against either a surety company or the district cannot be sanctioned on the ground that the corporation has not consented to the furnishing of such labor and material, whether by subcontractors or others not subcontractors. Aste v. Wilson, 14 Colo. App. 323, 59 Pac. 846.

[6] Respondent's final contention is that the statute is unconstitutional because it impairs rights of property and of contract, and is in violation of section 1, art. 13, of the state Constitution. As held in Hambach v. Ward, 69 Wash. 351, 125 Pac. 140, statutes of this character are purely remedial. That court, construing a similar statute of that state, said:

"It does not differ in this respect from the statutes giving a lien upon the property of a private owner for goods furnished the contractor. In the one case the property itself is holden as security for the debt, and in the other, in the absence of a bond, the state imposes a liability upon itself and its members for the reasonable value of labor and property for which it receives a benefit. The statute is simply the recognition of an equitable obligation."

The constitutionality of mechanics' lien laws as against objections such as are urged by appellant has been so many times affirmed by the courts of practically all states that discusion would be idle.

"Whatever may be the opinion about the wisdom of mechanic's lien laws, the general validity and constitutionality of this class of legislation are too well settled to admit of discussion. They have been upheld against objections that they were class legislation, that they abridged the freedom of contract, and that they amounted to a taking of property without due proceess of law. The weight of authority supports the view that a law providing that a materialman or a subcontractor may enforce his lien without regard to indebtedness existing between the contractor and the owner is unconstitutional, but in a few cases this has been denied." 27 Cyc. 18 (C) ; Albright v. Smith, 3 S. D. 632, 54 N. W. 816; Hahn v. Sleepy Eye Milling Co., 21 S .D. 324, 112 N. W. 843; Barrett v. Millikan, 156 Ind. 510, 60 N. E. 310, 83 Am. St. Rep. 220.

The cases of Gibbs v. Tally, 133 Cal. 373, 65 Pac. 970, 60 L. R. A. 815, and Snell v. Bradbury, 139 Cal. 380, 73 Pac. 150, cited by respondent, were decided upon statutes so different from our own as to make the reasoning in those cases wholly inapplicable in this. It may be noted also that the California statute applied to contracts between private parties, and did not affect municipal corporations which are governmental agencies. It cannot be doubted that the Legislature has the power to impose such a regulation upon a county, township, or school district, and thereby create an original liability on the part of such corporation in favor of persons furnishing labor or material entering into the construction of such public buildings, even though such a statute as to private parties be held unconstitutional as in violation of constitutional rights of property and of contract. This statute, regardless of either the original contract or any subcontract, or of any contract for labor or material entering into the construction of the building, declares that the corporation itself shall become liable when the required bond has not been given. Any discussion of the legal contractual relations between a municipal corporation and a surety company who has furnished a bond under this statute is idle, for the simple reason that, where the statutory bond has not been given covering a particular liability, no contractual relation arises between the surety company and the school district as to that liability.

The judgment and order of the trial court are reversed.