GOLD BROS. BRICK COMPANY, Appellant, v. GRANT COUNTY et al (GRANT COUNTY, Respondent).

(168 N. W. 855).

(File No. 4268. Opinion filed July 22, 1918. Rehearing denied September 6, 1918).

1. **Limitations—Materialmen re Courthouse Construction—Contractor's Bond Wanting—Statutory Claims—Statute Construed.**

In a suit by materialmen to recover, under Laws 1909, Ch. 245, for the value of building material furnished for construction of a courthouse; the contractor not having furnished bond for payment for such material, as required by Sec. 1 of said act; the material having been delivered in the latter part of 1915, the last of it being accepted by construction company for such use in January, 1916, suit having been begun in January, 1917; held, that under Sec. 3 of said act, limiting time for suit upon such liability to 90 days "from the acceptance of the work, for which the same shall be claimed," the word "work" in said section comprehends and embraces the words "erection, alteration, repair, or improvement" found in Sec. 2 providing that upon failure of the public corporation to require such bond, it shall be liable to pay for material entering into "the erection," etc.; that it refers to the job to be performed under the building contract, and note the circumstance of the delivery and acceptance of the particular material furnished by plaintiff; and, suit having been commenced prior to completion of the job, it was not barred by the statute; it further appearing that, pursuant to the building contract, the county, upon default of the contractor, completed the job.

2. **Contracts—Quantum Meruit—Materialmen's Claim Versus County —Suit to Recover, Whether on Contract, or Statutory Liability —Damages, Measure Of.**

An action, under Laws 1909, Ch. 245, providing that if a public corporation, under a building contract fails to require contractor to furnish bond conditioned for payment for labor

and material entering into construction of the building, it shall
be liable to pay for such material, is not one upon contract,
nor upon **quantum meruit**; but is one based upon statutory
liability created by county's failure to require the proper bond;
although the value of the labor, etc., measures amount of
plaintiff's recovery.

3. **Statute-Materialman's Claim Against Public Corporation—"Action"—Statute Construed.**

Sec. 3, Laws 1909 Ch. 245, relating to recovery against a
public corporation for materials furnished a contractor in construction of a building, provides that "an action brought under
any of the provisions of this act shall be commenced within 90
days from acceptance of the work for which the same shall be
claimed." **Held,** that the words "for which the same shall be
claimed" refer to the word "action" in said section; the claim
or cause of action against the public corporation being one
created by Sec. 2, to-wit: the liability to claim for labor and
material entering into the building; so that the clause above
quoted means "for which a cause of action and liability under
Sec. 2 shall be claimed."

Appeal from Circuit Court, Grant County. Hon. Thomas L.
Bouck, Judge.

Action by Gold Bros. Brick Company, against Grant County,
South Dakota, and others, to recover for building material furnished by plaintiff to defendant county's contractor in construction of
a courthouse. From a judgment dismissing the action, and from
an order denying a new trial, plaintiff appeals. Reversed, and
remanded with directions to enter judgment for plaintiff.

*E. L. Grantham, Thad L. Fuller,* and *Howard G. Fuller,* for
Appellant.

*Robert D. Jones,* State's Attorney, (*Case & Case,* and *George
S. Rix,* of counsel), for Respondent.

(1) To point one of the opinion, Appellant cited:

C. Grandahl Lumber Company vs. Weinsveig, (Cal.) 117
Pac. 954; and submitted that:

The legislature meant "work" to mean ninety days from the
time the contractor "abandoned the work." The word must be construed to include both labor and material, and it can only be given
such a construction if it means the improvement or public work
which is the subject of the contract.

Respondent submitted that:

The word "work" in this statute, applies to appellant, who

simply furnished material; therefore when its cause of action accrued the work, so far as it was concerned, was accepted; and cited:

Eagle Mfg. Co. vs. City of Davenport, Iowa, 38 L. R. A. 480; Catlin vs. Douglas, 33 Federal, 569.

GATES, J.   Grant county contracted with a construction company for the erection of a courthouse.   The plaintiff has an unpaid bill of $1,162.33 for building material delivered upon the courthouse grounds to the contractor, and which entered into the construction of the building.   The bond furnished by the contractor did not contain the clause providing for the payment of all labor and material that entered into the erection as required by section 1, c. 245, Laws 1909.   In March, 1916, when the building was partially completed, the contractor abandoned the contract.   The county took over the job, and at the time of the trial of this action it was nearing completion.   Section 2 of said act provides a liability on the part of the county for its failure to require the proper bond This action was brought to enforce such liability against the county.   Section 3 of said act limits the time within which an action to recover upon such liability shall be begun.   The decision in this case depends solely upon the meaning of said section 3.   The building-building material furnished by plaintiff was delivered in the latter part of the year 1915, the last of it being received and accepted by the construction company at said court house grounds for use in said building on January 4, 1916.   This action was begun on January 8, 1917.   The trial court concluded that the time of the acceptance of the material by the contractor was the beginning of the 90-day period mentioned in section 3 of said act, and because the action was not begun within said period entered judgment dismissing the action.   From such judgment and an order denying a new trial, plaintiff appeals.

The language of section 3 of said act is:

"That an action brought under any of the provisions of this act shall be commenced within ninety days from the acceptance of the work for which the same shall be claimed."

On the part of the respondent it is claimed, as found by the trial court, that the acceptance by the contractor of the particular material upon which the claim is based is the acceptance referred to in said section, or that in any event the taking over of the job

by the county amounted to an acceptance of the building by the county.

[1, 2] Appellant makes two contentions: First, that the word "work" in said section means "labor," so that it would have us hold that an action upon the county's liability for the value of labor that entered into the erection must be begun within 90 days from the date of acceptance, while an action upon its liability for material need only be begun within six years after the cause of action accrued. A mere reading of the first three sections of the act shows that such contention is unwarranted. Appellant alternatively contends that the word "work" is used as a synonym for the improvement or public work which is the subject of the contract. Respondent's counsel contend that the words "for which the same shall be claimed" negative this construction because they say those words "clearly show that the recovery can be had only for that claim and that the action for such recovery shall be begun within 90 days from the 'acceptance of the work,' which in this instance would be construed to be the material for which the recovery shall be claimed." Respondent's counsel miss the point. This action is not one upon contract, nor upon quantum meruit as ordinarily understood, nor is it one to enforce a mechanic's lien. It is an action based upon a statutory liability created by the failure of the county to require and secure the proper bond, although of course the value of the labor or material measures the amount of plaintiff's recovery. Handelan v. Smee Sch. Dist., 38 S. D. 29, 159 N. W. 888. In Slagle v. Elk Point Ind. Con. Sch. Dist., 40 S. D. p. 73, 166 N. W. 234, we said:

"This statute creates a liability entirely distinct from any liability of the district which might arise under a valid contract."

When we consider that the county is not immediately concerned with the relations between the principal contractor and subcontractors, and that the declared purpose of the act is to provide a remedy to laborers and materialmen who might otherwise be deprived of a remedy, and that none of the parties to the principal contract or subcontracts may be in position to know the outcome of the job within 90 days from the acceptance of a particular piece of work or material by the principal contractor, and that it is the ultimate outcome that is clearly aimed at in the act, it is not difficult to arrive at the meaning of said section three. It is clear to

us that the word "work" is used to comprehend and embrace the words "erection, alteration, repair, or improvement" found in the preceding section, and that it was so used to obviate the necessity of their repetition in section three. Or, in other words, it refers to the job to be performed under the contract between the public corporation and the contractor under and for whom the laborer or materialman furnished his labor or wares. The word is commonly so used in reference to building contracts, and indeed is so used repeatedly in the principal contract herein. For instance, if the county had entered into three principal contracts, one for the foundation, one for the structure, and one for the heating and plumbing, its liability to laborers or materialmen under section 2 of said act would begin to run upon the acceptance of the perform- ance of the principal contract under which the laborer or material- man claimed a liability. Such was the theory upon which the de- cision was reached in Plumbing Supply Co. v. Board of Ed., 32 S. D. 129, 142 N. W. 260. In the six consolidated cases under the title Slagle v. Elk Point Con. Ind. Sch. Dist., supra, the claim was made that the materials were accepted by the school district within the meaning of said section 3, because of the approval and payment (as in the case before us) of the architect's estimates, or that in any event the taking over of the abandoned structure by the school district for completion by it amounted to such acceptance. These questions were thoroughly briefed and discussed by both sides in those cases. There the material was received and accepted by the principal contractor and architect's estimates made and allowed prior to the middle of December, 1914, when the contractor aban- doned the work. Thereupon the school district took charge of the work and completed the building about September 1, 1915, and those actions were begun on varying dates from September 14, 1915, to October 7, 1915, all of which dates were more than 90 days later than the payment of the architect's estimates and later than the taking over of the abandoned structure by the school board. Although no mention of these points was made in the op- inion in those cases, that decision necessarily committed this court to the construction of statute which we now give it, because a con- trary construction in that case would necessarily have produced a contrary result from that at which we there arrived. In this case, as is usual in building contracts, there was a provision that the

county might complete the job in case of its abandonment by the contractor and that when the work was wholly finished the contractor should pay to the county the excess of the cost of completion over the balance due upon the contract, and that if there was no excess the county should pay the balance to the contractor. It would be unreasonable to hold that the taking over of the job by the county for the purpose of completion was an acceptance of the job. The only difference between those cases and this, and we think it is an immaterial difference, is that there the actions were begun within 90 days after the job was completed by the school district, while here the action was begun prior to its completion.

Respondent has cited a number of authorities to the effect that the abandonment of work upon a building is deemed to be a completion of the building for the purpose of filing a mechanic's lien. We think such a rule is entirely inapplicable to the questions before us.

[3] The words in said section 3 "for which the same shall be claimed" refer to the word "action" in the first line of said section. As above suggested, the claim or cause of action against the county is that created by section 2 of the act, towit, the liability to pay for all labor and materials that entered into the building because of its failure to secure the proper bond. So that the words "for which the same shall be claimed" mean "for which a cause of action for liability under section 2 shall be claimed."

Inasmuch as the findings of fact show that plaintiff is entitled to recover in this action under our interpretation of the provisions of said act the judgment and order appealed from are reversed, and the cause remanded to the trial court, with directions to enter judgment for the plaintiff for the amount found due to it, with interest and costs.