UNION RAILWAY STORAGE CO. *vs.* JOHN R. McDERMOTT *et al.*

Argued May 9, 1893. Decided June 6, 1893.

**Parties to Actions on Contract.**

> *Jefferson* v. *Asch, post,* p. 446, followed, denying the right of a stranger to a contract to sue upon it, the promisee owing him no duty in the premises.

Appeal by the plaintiff, Union Railway Storage Company, from an order of the District Court of Hennepin County, *Henry G. Hicks*, J., made October 22, 1892, sustaining a demurrer to the complaint.

On June 15, 1891, the defendant, John R. McDermott, entered into a contract with the United States to furnish materials and construct, on the Military Reservation of Fort Snelling, six single sets of Officers' Quarters, according to plans and specifications, for $23,894. He covenanted with the United States to be responsible for, and pay all liabilities incurred for, labor and materials in fulfillment of this contract. All rights of action, however, for any breach of the contract were reserved to the United States. On the same day McDermott, as principal, and the defendants Joel B. Bassett and Edwin C. Whitney, as sureties, entered into a bond to the United States in the penal sum of $5,000 conditioned that if McDermott should duly and fully observe and perform the contract, including the stipulation to pay all liabilities incurred for labor and material, then the obligation to be void, otherwise of force.

The plaintiff, a corporation, sold and delivered to McDermott 130,000 brick to be used, and which were used, in the construction of the buildings, for which he agreed to pay it $1,781. This action is to recover of the defendants, McDermott, Bassett and Whitney $631, the unpaid balance due for the brick. The action is founded on the bond to the United States, but no assignment from the United States or any action on its part is alleged. The defendants severally demurred and the demurrers were sustained.

*Kellogg & Laybourn,* for appellant.

The authority of the Secretary of War of the United States to exact a bond from contractors, is contained in Act of April 10,

1878, 20 U. S. Stat. 36, as amended by Act of March 3, 1883, 22 U. S. Stat. 487. By it the Secretary may require the contractor to give bond, with good and sufficient sureties to furnish the supplies pro· posed or to perform the services required. Plaintiff contends that this contract in the bond was made for its benefit and that this suit is correctly brought. It was not a contract to indemnify the United States, for it could in no way become liable to material men, or be sued, nor could a lien be filed on its property. If then, it is not a contract limited to indemnify, it is a contract made for plaintiff's benefit, in which the United States acting through its officers, is the trustee. If we are correct in this position, then we are within the doctrine of *Maxfield* v. *Schwartz*, 43 Minn. 221; *Lowry* v. *Adams*, 22 Vt. 160; *Dunlap* v. *McNeil*, 35 Ind. 316; *Dewey* v. *State*, 91 Ind. 173; *Conn* v. *State*, 125 Ind. 514.

This action is on the contract between McDermott and the plaintiff, to secure the performance of which the bond was given to the United States in trust for plaintiff. The action is not upon the contract between the United States and McDermott in which all rights of action are reserved to the United States.

The action is rightly brought under 1878 G. S. ch. 66, § 26, providing that every action shall be prosecuted in the name of the real party in interest. *Sprague* v. *Wells*, 47 Minn. 504; *Baker* v. *Bartol*, 7 Cal. 551.

*Kitchel, Cohen & Shaw*, for respondents Bassett and Whitney.

Under what circumstances a stranger to a contract may maintain an action upon it, is a vexed question in both English and American jurisprudence. *State Bank of Duluth* v. *Heney*, 40 Minn. 145; *Follansbee* v. *Johnson*, 28 Minn. 311.

The right of a third person to maintain an action upon contracts between others, has been recognized in this State in two distinct classes of cases.

*First*, where the promisor receives from the promisee property which would ordinarily go to liquidate the claim of the third person, and as a part of the consideration for the transfer of· the property the transferee agrees to pay the third person's claim. *Follansbee* v. *Johnson*, 28 Minn. 311; *Sanders* v. *Classon*, 13 Minn. 379, (Gil. 352;)

*Jordan* v. *White*, 20 Minn. 91, (Gil. 77;) *Sullivan* v. *Murphy*, 23 Minn. 6; *Welsh* v. *First Div. St. Paul & Pac. R. Co.*, 25 Minn. 314; *Maxfield* v. *Schwartz*, 43 Minn. 221.

*Second*, where an obligation is required by statute for the use and benefit of a designated class of persons, notably for the benefit of those who supply labor or material in the construction of public works, when the public authorities are not themselves liable for the obligation incurred, and the structure itself is not subject to lien. *City of St. Paul* v. *Butler*, 30 Minn. 459; *Morton* v. *Power*, 33 Minn. 521; *State Bank* v. *Heney*, 40 Minn. 145; *City of Duluth* v. *Heney*, 43 Minn. 155; *Freeman* v. *Berkey*, 45 Minn. 438; *Sepp* v. *McCann*, 47 Minn. 364. Suits on bonds made in order to prevent liens from attaching to buildings under 1878 G. S. ch. 90, § 3, belong to this latter class. *Casson* v. *Maxwell*, 39 Minn. 391; *Steffes* v. *Lemke*, 40 Minn. 27; *St. Paul Foundry Co.* v. *Wegmann*, 40 Minn. 419.

The bond in suit was nothing more than a bond of indemnity for the exclusive benefit of the United States, and it alone can maintain an action upon it.

*Geo. E. Young* and *J. M. Burlingame*, for respondent McDermott.

This is not an action against McDermott for goods sold and delivered. There are no allegations in the complaint appropriate to such an action. The action is founded solely upon the contract and bond to the United States. To make the contract or bond beneficial to a third party so that he may bring action upon it in his own name and for his own benefit, the contract must have been entered into for such third person directly and primarily. *Greenwood* v. *Sheldon*, 31 Minn. 254; *Dow* v. *Clark*, 7 Gray, 198; *Field* v. *Crawford*, 6 Gray, 116; *Mellen* v. *Whipple*, 1 Gray, 317; *Simson* v. *Brown*, 68 N. Y. 355; *Merrill* v. *Green*, 55 N. Y. 270; *Wood* v. *Newhall*, 31 Fed. Rep. 434; *Wright* v. *Terry*, 23 Fla. 169.

There is no act of Congress or decision of a United States Court, authorizing a contract for the benefit of third parties, or putting that kind of construction upon this or any other contract, entered into by the United States, although this form of contract is in general use by the United States.

At the argument in the trial court, plaintiff expressly disavowed that the action was upon its contract with McDermott. The court below then stated that the action was clearly intended to be brought upon the bond for the breach of the contract with the United States, and after stating that it would be compelled to sustain the demurrer as to the bondsmen, said that it might be possible to spell out a cause of action against McDermott, upon what was stated as to the contract between plaintiff and him. Plaintiff's attorney thereupon stated that he would consent to the demurrer being sustained against McDermott also, as the action was intended to be brought against all on the bond, for the breach of the contract with the United States.

DICKINSON, J. This is an appeal from an order sustaining demurrers of the defendants to the complaint. The cause of action set forth in the complaint may be briefly stated as follows:

The defendant McDermott entered into a written contract with the United States, an assistant quartermaster of the army making the contract in behalf of the government, by the terms of which McDermott undertook to erect certain buildings for the government at Ft. Snelling, he to furnish the material and labor therefor. It was specifically expressed by article three (3) of the contract that he should "be responsible for and pay all liabilities incurred for labor and material in fulfillment of this contract." In article six (6) it was agreed that "all rights of action, however, for any breach of this contract by the said John R. McDermott are reserved to the United States."

In connection with the making of this contract the defendant McDermott as principal, and the other defendants as his sureties, executed their bond to the United States in the penal sum of $5,000, conditioned that McDermott should perform all the covenants, conditions, and agreements contained in the contract, to which the bond specifically referred, "including the covenant that the said John R. McDermott shall be responsible for and pay all liabilities incurred for labor and material in fulfillment of said contract."

The plaintiff, in reliance upon the terms and conditions of the contract and bond, furnished to McDermott at an agreed price a

large quantity of brick, which was used in the construction of the buildings, but for which payment was never made. The plaintiff now seeks to recover therefor in this action on the bond.

The legal question here presented—as to the right of the plaintiff, a stranger to the contract, to sue upon it—has recently been considered in *Jefferson* v. *Asch, post,* p. 446, (55 N. W. Rep. 604,) and the rule there declared is decisive of this case. The plaintiff has no right of action on the bond. He was a complete stranger to it. There was no privity between him and the promisee,—the United States. The latter rested under no duty or obligation to him upon which he could assert any legal or equitable right to avail himself of the benefit of, and enforce, the promise made by the defendants to the United States. Nor was the promisee— the United States—interested in having this part of the contract performed. It would be no benefit to the United States if the contractor should pay his own debts for material purchased by him. It would be in no way prejudiced if he should not pay. Its property could not be subjected to a lien therefor. In brief, the right of the plaintiff to sue upon this bond has no other legal foundation than the bare fact that the defendants had by that instrument entered into an obligation towards a mere stranger to the plaintiff that his debt should be paid. In such a case the stranger to the contract cannot sue upon it. Our decision above cited is decisive.

Orders affirmed.

VANDERBURGH, J., did not participate.

(Opinion published 55 N. W. Rep. 606.)