RUFUS C. JEFFERSON et al. vs. CARL ASCH et al.

Argued May 10, 1893. Decided June 8, 1893.

**Action by a Third Person, to Enforce a Contract between Others, but Beneficial to Him.**

A stranger to a contract between others, in which one of the parties promises to do something for the benefit of such stranger, there being nothing but the promise, no consideration from such stranger, and no duty or obligation to him on the part of the promisee, cannot recover upon it.

Appeal by plaintiffs, Rufus C. Jefferson and James Kasson, from an order of the District Court of Ramsey County, *William Louis Kelly*, J., made November 19, 1892, sustaining a demurrer to their complaint.

On March 29, 1889, the Boston Northwest Real-Estate Company, a corporation, owned the lot and buildings on Sixth Street, St. Paul, known as "The Bodega," and on that day leased the property to George Benz for five years next after May 1, 1889. Benz sublet the premises March 1, 1892, to Sarah J. Smith and Bridget Poupeney, from that date to May 1, 1894.

They employed defendant Matthew J. Leithauser on March 14, 1892, to make alterations and repairs in the buildings. He, as principal, with Carl Asch and John Boldthen, as sureties, gave a bond to "George Benz for the use of the Boston Northwest Real-Estate Co. and all persons who may do work or furnish materials," in the penal sum of $2,000, conditioned to be void if Leithauser should pay all just claims for work done, and materials furnished, in the prosecution of the work, and indemnify Benz and the corporation from mechanics' liens. The plaintiffs furnished Leithauser with lumber to do the work, and brought this action on the bond to recover of him and his sureties $248.58, its value. See *Union Ry. S. Co.* v. *McDermott, ante*, p. 407. The sureties, Asch and Boldthen, demurred, on the ground that the complaint did not state facts constituting a cause of action against them, and the trial court sustained the demurrer, saying:

"The Boston Northwest Real-Estate Company had no interest to protect. No lien could attach to its interest in the land by reason of repairs made by the tenants. George Benz likewise had nothing to protect; though in form he sublet to S. J. Smith & Co., he, in

law, assigned his entire interest under the lease. *Craig* v. *Summers,* 47 Minn. 189.

"Under the principle settled in *Brown* v. *Stillman,* 43 Minn. 126, there must be some privity of contract between Benz, the obligee in the bond, and these plaintiffs, or he must have had some interest in the land to be protected, to warrant the inference that the contract was made for plaintiff's benefit. Benz being a stranger to the building contract, and having no interest in the land, the promise to him did not inure to plaintiff's benefit."

*Owen Morris,* for appellants.

The point on which the demurrer turned was raised by the Judge of the District Court. It was not mentioned at the time of argument; hence no authorities thereon were cited.

Plaintiffs do not base their claim upon any harm to George Benz, or any clouding of his property. The clause in the bond to pay all just claims for materials furnished in the execution of the work, is a sufficient warranty for this action. *Follansbee* v. *Johnson,* 28 Minn. 311; *Bennett* v. *McGrade,* 15 Minn. 132, (Gil. 99;) *Slosson* v. *Ferguson,* 31 Minn. 448; *Steffes* v. *Lemke,* 40 Minn. 27; *Thomas* v. *White,* 12 Mass. 366; *Sweetser* v. *Hay,* 2 Gray, 49.

The party for whose sole benefit a contract is evidently made, may sue thereon in his own name, although the engagement be not directly to, or with him. *Allen* v. *Thomas,* 3 Met. (Ky.) 198; *Brewer* v. *Dyer,* 7 Cush. 337; *McDowell* v. *Laev,* 35 Wis. 171.

*F. W. Zollman,* for respondent.

It is necessary that the obligee in a bond, in terms for the benefit of others, should either have an interest in the subject-matter, or be in privity of contract, or at least owe some duty or obligation, to such third persons, in order that the contract may inure to their benefit. It does not appear that the obligee, or plaintiffs, had any interest in the subject-matter, or that there was any privity of contract between them; on the contrary, absence of interest and want of privity of contract, appear affirmatively upon the face of the complaint. The common-law rule is, that only parties in privity of contract, and parties to the consideration, can sue; and this rule still prevails in most of the States. *Exchange Bank* v. *Rice,* 107 Mass.

37; *Ellis* v. *Clark,* 110 Mass. 389; *Neubrecht* v. *Santmeyer,* 50 Ill. 74; *Moore* v. *House,* 64 Ill. 162; *Garnsey* v. *Rogers,* 47 N. Y. 233; *Simson* v. *Brown,* 68 N. Y. 355; *King* v. *Whitely,* 10 Paige, 465; *Vrooman* v. *Turner,* 69 N. Y. 280; *Litchfield* v. *Flint,* 104 N. Y. 543; *Wilbur* v. *Warren,* 104 N. Y. 193; *Lorillard* v. *Clyde,* 122 N. Y. 498; *Comley* v. *Dazian,* 114 N. Y. 161.

GILFILLAN, C. J. The Boston Northwest Real-Estate Company owned a lot on Sixth street, St. Paul, with two buildings standing on it, and let it to George Benz for the term of five years from May 1, 1889, and about three years thereafter he sublet it for the remainder of his term to Smith & Co. Afterwards Smith & Co. entered into a contract with the defendant Leithauser to make certain alterations and repairs and the defendants Leithauser as principal, and Asch and Boldthen as sureties, executed a bond, in which they acknowledged themselves to be indebted to George Benz, "for the use of the Boston Northwest Real-Estate Company," "and all persons who may do work or furnish material" pursuant to said contract, "to be paid to the said George Benz, his executors, administrators, or assigns, for the said use," and which was conditioned to be void if Leithauser should pay "all just claims for all work done and to be done and all materials furnished and to be furnished pursuant to said contract and in the execution of the work therein provided for, as they shall become due, and shall indemnify and save harmless said George Benz and said Boston Northwest Real-Estate Company from all mechanics' liens," etc., and "indemnify and save harmless the said George Benz from all claims of whatever description which may arise from, in, or about said work, alterations, and repairs."

The plaintiffs, having furnished materials to the contractor for the purposes of the contract, bring this action on the bond to recover the price thereof.

The court below sustained a demurrer to the complaint.

From the seals to this bond there arises the presumption of a sufficient consideration to sustain it between the parties to it.

The cases in which one not a party to a contract may sue upon a promise in it for his benefit were at one time limited to contracts not under seal, and this court, in stating the law on the subject, in *Follansbee* v. *Johnson,* 28 Minn. 311, (9 N. W. Rep. 882,) expressed

that limitation; but the distinction in this respect between con-
tracts by specialty and simple contracts has not in the later au-
thorities been adhered to, and may now be regarded as abandoned.
If there ever was any reason for the distinction, it could only have
been a technical one, which no longer has any merit to commend it,
and we do not think we ought to recognize it.

Though this seems intended as a mere bond to indemnify and
save the obligee named harmless, that, and not any incidental ben-
efit that might accrue to others not parties to it, being the primary
purpose of its stipulations and promises, we will treat it, because on
both sides it is so presented here, as though such primary purpose
were to secure payment to the persons doing work or furnishing ma-
terial under the contract mentioned in it. In considering the ques-
tion presented we must lay aside, as having no bearing upon it,
the cases of official or statutory bonds required or authorized for
the benefit or security of persons not named as obligee, a nominal
obligee being named, and where the statute expressly or by implica-
tion authorizes such persons to sue upon them. Instances of such
are sheriffs' bonds, probate bonds, bonds authorized by the me-
chanic's lien law in 1878 G. S. ch. 90, and such as were considered in
*City of St. Paul* v. *Butler,* 30 Minn. 459, (16 N. W. Rep. 362,) and
*Morton* v. *Power,* 33 Minn. 521, (24 N. W. Rep. 194.)

As, so far as appears by the complaint, Benz could not be liable to
pay for the work done, and materials furnished in fulfilling the
contract to repair, and as, under the law then in force, his interest
in the property could not be subject to a lien therefor, it was
legally a matter of indifference to him whether the work and ma-
terials were paid for or not. He had no duty in respect to it. And
the question comes to this: Where, in a contract between two per-
sons one promises the other to do something for the benefit of a
stranger to the contract, and the promisee has no relation to the
thing to be done nor to the stranger to be benefited, can such stran-
ger bring an action to enforce the promise?

In some of the text-books and decisions it is stated generally "that,
where one person makes a promise to another for the benefit of a third
person, that third person may maintain an action upon it." But
we do not think there is a case to be found in which such an action
was sustained upon a bare promise, with no other circumstances to

justify an exception to the general rule that an action upon contract can be maintained only where there is privity of contract between the parties.   In *Lawrence* v. *Fox*, 20 N. Y. 268,—the most conspicuous and most thoroughly reasoned case in New York, sustaining an action by a stranger to a contract,—the promisee owed the debt. which the promisor agreed to pay, and loaned him the money, which he agreed to pay to the promisee's creditor.

*Thorp* v. *Keokuk Coal Co.*, 48 N. Y. 253, was a case where the grantee in a conveyance of real estate assumed to pay a mortgage resting on it to secure a debt of the grantor.   In the syllabus to the case it is stated that it overrules *King* v. *Whitely*, 10 Paige, 465, but, as we read the opinion, it goes no further than to question the reason given by the chancellor in the latter case for sustaining an action in such a case when it can be sustained.   The case in 10 Paige was one where the grantee in a conveyance assumed to pay a mortgage on real estate for which the grantor was not personally liable. It was held that the creditor could not recover of the grantee.   The chancellor stated as the principle upon which a creditor can recover from a grantee so assuming to pay a debt of the grantor that a creditor is entitled to be subrogated to securities for the debts held by a surety, and that between the grantor and the grantee in such case the latter becomes the principal debtor and the former surety. Another and simpler reason might have been given, to wit, that where one delivers to or leaves in the hands of another a fund with which to satisfy an obligation of the former, a duty in the nature of a trust is thereby created.   The decision in 10 Paige was followed in *Trotter* v. *Hughes*, 12 N. Y. 74, and approved in *Garnsey* v. *Rogers*, 47 N. Y. 233.

In *Vrooman* v. *Turner*, 69 N. Y. 280, similar in its facts to the case in 10 Paige, the court go over the whole ground, recognize the decision in *Lawrence* v. *Fox*, *supra*, and hold the two decisions consistent, and follow that in 10 Paige.   It lays down this rule:   "To give a third party, who may derive a benefit from the performance of the promise an action, there must be—First, an intent by the promisee to secure some benefit to the third party; and, second, some privity between the two,—the promisee and the party to be benefited,—and some obligation or duty from the former to the latter which would give him a legal or equitable claim to the benefit of the

promise, or an equivalent from him personally." "There must be either a new consideration, or some prior right or claim against one of the contracting parties, by which he has a legal interest in the performance of the agreement;" and "there must be some legal right, founded upon some obligation of the promisee, in the third party, to adopt and claim the promise as made for his benefit." In some cases, near relationship, as of father and daughter, or uncle and nephew has been held to supply the place of a strictly legal right in the third party. *Dutton* v. *Pool*, 1 Vent. 318; *Felton* v. *Dickinson*, 10 Mass. 287,—are instances of such. To enforce such a promise in favor of a third party, where there is no obligation to benefit him on the part of the promisor or promisee, nor anything such as near relationship, nor any consideration from the third party, would be much like enforcing an intended gift or gratuity. *Vrooman* v. *Turner* settled the law in New York, as the decision, though subsequently referred to with approval,—see *Wilbur* v. *Warren*, 104 N. Y. 193, (10 N. E. Rep. 263;) *Litchfield* v. *Flint*, 104 N. Y. 543, (11 N. E. Rep. 58;) *Comley* v. *Dazian*, 114 N. Y. 161, (21 N. E. Rep. 135;) *Lorillard* v. *Clyde*, 122 N. Y. 498, (25 N. E. Rep. 917;) *Durnherr* v. *Rau*, 135 N. Y. 219, (32 N. E. Rep. 49,)—has never since been questioned.

The question was considered and the cases in Massachusetts summed up in an able and exhaustive opinion by Metcalf, J., in *Mellen* v. *Whipple*, 1 Gray, 317. That was the case of an agreement by a grantee of real estate to pay a mortgage for which the grantor was not personally liable. It was held the creditor could not recover from the grantee. The court attempts to classify the cases in that state in which one not a party to the promise has been permitted to sue upon it. The classification may be briefly stated as— First, cases where the defendant has in his hands money which in equity and good conscience belongs to the plaintiff,—as, if A. put money or property in the hands of B. as a fund from which A.'s creditors are to be paid, and B. has promised expressly or impliedly to pay such creditors; second, cases where a near relationship, as father and child, or uncle and nephew, exists between the promisee and the person to be benefited; third, the cases of which *Brewer* v. *Dyer*, 7 Cush. 337, is an instance, in which the defendant agreed

with a lessee of premises to take the lease and pay the rent to the lessor, and entered with the knowledge of the lessor, paid him the rent for a year, and then left before the term expired.

We have referred so fully to the decisions in New York and Massachusetts because in those states the question has more frequently arisen, and been more ably and thoroughly discussed, than elsewhere in this country.

There has been no decision of this court at variance with the rule as held in those two states. In every case but one the promise was to pay a debt of the promisee, and a fund was either left or put in the hands of the promisor for the purpose. That one case was decided in a line with the rule held in the *Vrooman* and *Mellen* Cases. A grantee of real estate had assumed a mortgage debt for which the grantor was not personally liable. It was held the creditor could not recover from the grantee. *Brown* v. *Stillman*, 43 Minn. 126, (45 N. W. Rep. 2.)

Without undertaking to lay down a general rule defining when a stranger to a promise between others may sue to enforce it, we are prepared to say that, where there is nothing but the promise, no consideration from such stranger, and no duty or obligation to him on the part of the promisee, he cannot sue upon it.

Such is this case.

Order affirmed.

VANDERBURGH, J., took no part in the decision.

(Opinion published 55 N. W. Rep. 604.)