## DAVID W. MOORE v. JOHN MANN and Others.[1]

### July 9, 1915.

### Nos. 19,353—(235).

**Contractor's bond construed — right of action by third person.**

   A bond, executed by a paid surety company, conditioned for the performance of the principal's contract with the obligee, and to pay as they became due all just claims for work, skill and material, and to save the obligee harmless from all costs and charges, and to keep the premises free from such claims, is *held* to be a bond of indemnity for the obligee alone, and not to give a cause of action against the surety company to one doing work for the principal contractor.

Action in the district court for Ramsey county against John Mann and the Lion Bonding and Surety Co. to recover $192 upon defendant's bond to secure the faithful execution of a contract. The case was tried before Brill, J., who made findings and ordered judg-

---

[1] Reported in 153 N. W. 609.

Note.—For cases passing upon right of subcontractor, materialman, or laborer, to maintain action on contractor's bond to owner, see note in 27 L.R.A.(N.S.) 573.

ment in favor of plaintiff against defendant Mann. From the judgment entered in favor of defendant surety company, plaintiff appealed. Affirmed.

*Walter L. Chapin,* for appellant.

*Durment, Moore & Oppenheimer,* for respondent.

DIBELL, C.

Action by the plaintiff against the defendants to recover upon a bond given by them to one Dittenhofer to recover for certain work done by the plaintiff for the defendant Mann. There were findings in favor of the plaintiff against the defendant Mann and in favor of the defendant surety company against the plaintiff. The plaintiff appeals from the judgment entered pursuant thereto.

Dittenhofer was making some improvements about his home. Mann did the work under a contract. The plaintiff did work for Mann. The bond was executed by Mann and the surety company to Dittenhofer. The surety company received a consideration. The here important part of the bond is as follows:

"If the said principal shall faithfully perform his said contract in accordance with its terms, or as the same may be modified, and shall pay as they become due, all just claims for work, skill and material to be furnished in connection with the said contract or in the performance thereof, whether in its present form or as the same may be modified, including all claims for extras or additions and shall save the obligee harmless from all costs and charges that may accrue on account of the doing of the work aforesaid, and shall keep the premises of the obligee, and the improvements thereon, free from any such claims, then this obligation shall be void, otherwise to remain in full force and effect."

We construe the bond to be one of indemnity only. Dittenhofer was the sole obligee. It did not intend to secure Moore or others who might do work included in it. It intended to indemnify Dittenhofer. It did not intend to give anyone else the right to sue upon it. Under this construction there is nothing left for profitable discussion. The question of a consideration passing to the surety is immaterial. Nothing is to be gained by investigating the cases where one is

permitted to sue on a promise made to another for his benefit. It was not intended that anyone but Dittenhofer should be indemnified or that anyone other than he might sue.

The following cases, cited by one or both parties, have been given the consideration due them in reaching a conclusion: Jefferson v. Asch, 53 Minn. 446, 55 N. W. 604, 25 L.R.A. 257, 39 Am. St. 618; Union Railway Storage Co. v. McDermott, 53 Minn. 407, 55 N. W. 606; Horton v. Crowley Electric Co. 108 Minn. 508, 122 N. W. 312; American B. & L. Assn. v. Waleen, 52 Minn. 23, 53 N. W. 867; Mechanics' Savings Bank of Providence v. Thompson, 58 Minn. 346, 59 N. W. 1054; Price v. Doyle, 34 Minn. 400, 26 N. W. 14; Kramer v. Gardner, 104 Minn. 370, 116 N. W. 925, 22 L.R.A.(N.S.) 492; Simonson v. Grant, 36 Minn. 439, 31 N. W. 861; Scott-Graff Lumber Co. v. Independent School Dist. No. 1, 112 Minn. 474, 128 N. W. 672.

Judgment affirmed.