## CLEARWATER CREAMERY ASSOCIATION v. G. A. HOVLAND AND OTHERS.[1]

November 27, 1925.

No. 24,909.

**Lessee's bond for payment of rent not enforceable by landlord for payment of lessee's debts for butterfat.**

A bond given to a lessor of a creamery—not stating that it is for the benefit of anyone else—by a lessee securing the payment of rent and in the conditions stating that lessee shall pay the patrons all moneys due for butterfat, cannot be enforced by the lessor, the obligee in the bond, for the collection of the money due the patrons for butterfat—they being strangers to the contract.

See Landlord and Tenant, 36 C. J. p. 306, § 1100 (Anno).

[1]Reported in 205 N. W. 895.

Action transferred to the district court for Red Lake county. Plaintiff appealed from an order, Watts, J., striking out certain portions of the complaint. Affirmed.

*Theo. Quale,* for appellant.

*Boughton & Boughton,* for respondents.


WILSON, C. J.

Plaintiff owned and leased a creamery to defendant Hovland. The lease contains a clause requiring the lessee to furnish a $6,000 bond as security for the full payment of butterfat or other commodities delivered. A bond was furnished with plaintiff named as obligee. It did not state that it was for the benefit of anyone else. Among the conditions of the bond it was stated, "and shall further pay to the said patrons of said creamery in said lease described and hereinbefore described all moneys due said patrons for butterfat or for other property sold and delivered by said patrons to said G. A. Hovland at such creamery."

This action is to collect $250, balance for rent under the lease, and also $3,678.15 due to patrons for butterfat. A motion was made to strike out of the complaint the allegations as to the amount due patrons as immaterial, irrelevant, redundant and surplusage. This appeal is from the order granting that motion.

The complaint does not show that plaintiff has any interest in Hovland's paying the patrons. It has no contractual relations with the patrons. They have no claim against plaintiff. It would not be benefited by the patrons being paid. It would not be prejudiced if they were not paid. Its property could not be subjected to a lien if such patrons were not paid. They rest under no duty to plaintiff. There is no privity of contract between plaintiff and the patrons. They were strangers to this contract. They could not enforce it. Jefferson v. Asch, 53 Minn. 446, 55 N. W. 604, 25 L. R. A. 257, 39 Am. St. 618; Union R. S. Co. v. McDermott, 53 Minn. 407, 55 N. W. 606; Witzman v. Sjoberg, 164 Minn. 411, 205 N. W. 257, and cases cited. If plaintiff could collect the patrons' money in this action, it is difficult to see how this could be used by Hovland

as a defense in actions brought by the patrons to collect their claims from him. Clearly this is a contract that could not be enforced by the patrons as strangers to it. The same principle forbids its enforcement by the plaintiff for their benefit. The language stricken was not a part of the cause of action for rent which is the only cause of action stated.

Affirmed.