# ST. PAUL FOUNDRY COMPANY v. ARTHUR EVENSON AND OTHERS.[1]

January 14, 1927.

No. 25,614.

**Building contractor's bond to owner intended for benefit of all materialmen.**
    1. A bond given by a building contractor to the owner, insuring the payment of all materials used in the building, *held* intended for the benefit of all persons furnishing material.

**Materialmen could sue principal contractor and his surety on the bond.**
    2. The plaintiff furnished material to the principal contractor. It had a lien upon the building and the land for the material furnished. The bond given by the principal contractor to the owner was intended to give those furnishing material a right of action on the bond. It is *held* that the owner had such an interest in the payment for material that those furnishing materials could sue the principal contractor and his surety on the bond.

Mechanics Liens, 40 C. J. p. 142 n. 45; p. 361 n. 79.

Defendant Fidelity & Deposit Company of Maryland appealed from a judgment of the district court for Ramsey county, Boerner, J. Affirmed.

*Daniel F. Foley,* for appellant.

*Gilbert E. Harris* and *Paul C. Thomas,* for respondent.

DIBELL, J.

Action to recover upon a building contractor's bond for material furnished. There was judgment for the plaintiff and the defendant surety company appeals.

On October 30, 1922, Evenson & Utterberg, a copartnership, contracted with the Eveleth Elks Building Corporation for the construction of a building at Eveleth, Minnesota. At the same time the copartnership as principal and the defendant Fidelity & Deposit

[1]Reported in 211 N. W. 834, 213 N. W. 352.

Company as surety, executed a bond to the Elks Corporation in the sum of $59,769, reciting that it was "for the use of the said Eveleth Elks Building Corporation and also for the use of all persons who may perform any work or labor, or furnish any skill, tools, machinery, or materials under, or for the purpose of, the contract hereinafter mentioned," etc. The bond was conditioned to be void "if the said contractor (Evenson & Utterberg) shall and does pay, as they become due, all just claims for all work and labor performed, and all tools, machinery, skill and materials furnished for the completion of said contract, in accordance with its terms, and shall save the obligee named in this Bond harmless from all costs and charges that may accrue on account of the doing of the work specified in said contract," etc.

In May, 1923, the plaintiff furnished to Evenson & Utterberg structural steel which was used in the building. They did not pay for it and in a suit on the bond the plaintiff recovered judgment for $2,749.78.

1. The bond was intended to give persons in the position of the plaintiff the right to maintain an action upon it. The language would be purposeless if this were not so. Similar language in a statutory bond was construed as of that effect in Horton v. Crowley Elec. Co. 108 Minn. 508, 122 N. W. 312. And see cases cited in the next paragraph.

2. Whether a third party beneficiary, situated as the plaintiff, can maintain an action against the surety is the only difficult question. We early adopted the doctrine of Lawrence v. Fox, 20 N. Y. 268. Stating our holding in general terms it is that if the promisee, who pays the consideration, is under legal or equitable obligation to the third party beneficiary to pay the debt, which the promisor undertakes to discharge, or if the promisee has an interest in having it discharged, the beneficiary may bring an action directly against the promisor.

The property upon which the Elks Corporation building was built was subject to a right of lien in the plaintiff for the materials which it furnished. There was an inchoate right of lien. The Elks Cor-

poration could protect its property against a lien by a bond, and it did so in this case. It might desire to protect itself against a suit to enforce a lien resulting in vexatious and protracted litigation. To this extent it was interested in having the debts owing the plaintiff and others for materials and work discharged without the assertion of liens.

We have no case precisely in point. The surety company relies upon Jefferson v. Asch, 53 Minn. 446, 55 N. W. 604, 25 L. R. A. 257, 39 Am. St. 618. The plaintiff in that case, who had furnished material, failed in his action on the contractor's bond which was for the benefit of materialmen such as he. Benz, a lessee, was the obligee on the bond, but he had assigned the whole term of his lease and had no interest in the land. Speaking of this sitaution, the court said:

"As, so far as appears by the complaint, Benz could not be liable to pay for the work done and materials furnished in fulfilling the contract to repair, and as, under the law then in force, his interest in the property could not be subject to a lien therefor, it was legally a matter of indifference to him whether the work and materials were paid for or not. He had no duty in respect to it. And the question comes to this: Where, in a contract between two persons one promises the other to do something for the benefit of a stranger to the contract, and the promisee has no relation to the thing to be done nor to the stranger to be benefited, can such stranger bring an action to enforce the promise?"

The question propounded was answered in the negative. It was held that the plaintiff could not maintain an action on the bond. It is urged as a fair implication from the language used that, if the bond would have protected Benz against the assertion of a lien upon his property, the result would have been different. The absence of a right of lien against the property of the obligee, which might give an interest in requiring a bond to pay others, was mentioned in Clearwater C. Assn. v. Hovland, 165 Minn. 163, 205 N. W. 895. The case of Moore v. Mann, 130 Minn. 318, 153 N. W. 609, cited by the defendant, was held to be a bond of indemnity to the owner, and

therefore of no importance in the matter now under consideration. We are of the view that the Elks Corporation had such an interest in having the claims of those furnishing materials paid that materialmen could sue in their own names on the bond.

We do not go into a detailed discussion of the authorities. The doctrine of Lawrence v. Fox, supra, involves difficulties in application and some confusion in the limitations and conditions attached to it. Our cases are noted in Dun. Dig. & Supp. §§ 1896, 1897. Authorities discussing the doctrine are available. 15 Harv. L. R. 767; 2 Street, Found. Leg. Liab. 152-161; 4 Page, Contracts, §§ 2374-2410; 1 Williston, Contracts, § 368; 13 C. J. 703-713; 6 R. C. L. p. 882, §§ 271-278.

The trend of the law favors the right of the third party beneficiary to recover in his own name in an action at law, and perhaps more readily in jurisdictions where law and equity are fused. It may be noted, without further discussion, that many authorities hold in the case of contractors' bonds, and particularly in the case of paid sureties, that the labor and materialman, where the bond is such as that before us, may recover in a direct action; and they are little disturbed by a want of consideration passing from the beneficiary, or by a claim of lack of privity. Ochs v. M. J. Carnahan Co. 42 Ind. App. 157, 76 N. E. 788, 80 N. E. 163; U. S. Gypsum Co. v. Gleason, 135 Wis. 539, 116 N. W. 238, 17 L. R. A. (N. S.) 906; Warren Webster & Co. v. Beaumont Hotel Co. 151 Wis. 1, 138 N. W. 102; Concrete Steel Co. v. Ill. Surety Co. 163 Wis. 41, 157 N. W. 543; U. S. Fid. & Guar. Co. v. Thomas (Tex. Civ. App.) 156 S. W. 573; Algonite S. M. Co. v. Fid. & Dep. Co. 100 Kan. 28, 163 Pac. 1076, L. R. A. 1917D, 722; Getchell & Martin L. & M. Co. v. Peterson & Sampson, 124 Iowa, 599, 100 N. W. 550; Crudup v. Oklahoma P. C. Co. 56 Okla. 786, 156 Pac. 899; Guilford L. M. Co. v. Johnson, 177 N. C. 44, 97 S. E. 732; 40 C. J. 361; note 27 L. R. A. (N. S.) 573; Dec. Dig. Mechanics' Liens, §§ 315-317.

Judgment affirmed.

## UPON PETITION FOR REARGUMENT.

On April 14, 1927, the following opinion was filed:

PER CURIAM.

In the petition for reargument counsel for the appellant cite two recent Federal cases, U. S. F. & G. Co. v. Vermont Marble Co. 16. F. (2d) 83, from the Seventh circuit, and Federal Surety Co. v. Minneapolis Steel & Mach. Co. 17 F. (2d) 242, from the Eighth circuit. The first was governed by the law of Minnesota and a situation where there was no lien; nor did the bond assume to be for the use of laborers and materialmen. The second involved a Montana public contract. There was no lien. Neither case controls.

Our decision should not be misunderstood. We held that it was intended to give those situated like the plaintiff a direct right of action on the bond. The language of the bond justifies such construction and Horton v. Crowley Elec. Co. 108 Minn. 508, 122 N. W. 312, approves it. Further, we held that the right to a lien accruing to a materialman against the property of the owner of the land gives whatever of consideration or privity or interest which is necessary to make the surety's promise effective at the suit of the materialman. We are content with the conclusion reached. It may be true, as stated by appellant, that when suit was brought the right to file a lien had lapsed by time. That is not the point. When the bond was given for the use of laborers and materialmen, one afterwards becoming a laborer or materialman had a right of lien and the property of the owner was subject to it. That we held was a sufficient basis for a direct action by the materialmen against the surety.

It was our suggestion but not a holding that it may be the law that a property owner, if he chooses to purchase or require his contractor to provide insurance in favor of laborers and materialmen who help in the construction of his building, not merely by way of indemnity in the event that he shall be subjected to liens but for their use and benefit, the insuring company may be required to abide by its undertaking in a personal suit brought by the materialman or laborer; and we cited cases showing a trend that way.

Motion for reargument denied.