# RICHARD PETERSON v. ANDREW PARVIAINEN AND OTHERS.[1]

April 20, 1928.

No. 26,577.

**Rule as to continuances and amendment of pleadings on the trial.**

1. The amendment of pleadings on the trial is a matter lying almost wholly in the discretion of the trial court, and its action will not be reversed on appeal except for a clear abuse of discretion. The general rule as to continuances is to the same effect.

**An instructed verdict is improper when evidence is conflicting as to an issue in the trial.**

2. When the evidence is conflicting upon an issue being tried, a question of fact arises which, under proper instructions, is for the jury. An instructed verdict would be error.

**Acts of one partner may bind his copartners when their firm is party to a contract.**

3. Where a partnership is a party to a contract, the acts of one member thereof bind the partnership in a situation such as existed in this case.

**Charge to jury as to amount of labor claims to be paid was correct.**

4. The charge of the court was correct.

**When third party for whose benefit contract is made has right of action on it.**

5. A third party for whose benefit a contract is made has a right of action on it if there be a duty or obligation to him on the part of the promisee or he is connected with the consideration or has a legal or equitable claim to the benefit of the promise.

**New trial properly denied.**

6. Defendants in this case have no just cause of complaint because of refusal to permit a renewal of motion for a new trial. The court's rulings and charge were without error. The verdict was amply supported by the evidence.

[1]Reported in 219 N. W. 180.

Appeal and Error, 4 C. J. p. 799 n. 34; p. 809 n. 32.
Continuances, 13 C. J. p. 123 n. 14.
Contracts, 13 C. J. p. 705 n. 4.
Master and Servant, 39 C. J. p. 203 n. 28; p. 210 n. 16.
New Trial, 29 Cyc. p. 728 n. 69.
Partnership, 30 Cyc. p. 488 n. 87.
Pleading, 31 Cyc. p. 368 n. 9.
Trial, 38 Cyc. p. 1568 n. 98.

---

See 6 R. C. L. 544; 2 R. C. L. Supp. 153; 4 R. C. L. Supp. 425; 5 R. C. L.
    Supp. 354; 6 R. C. L. Supp. 397; 7 R. C. L. Supp. 191.
See 26 R. C. L. 1067; 3 R. C. L. Supp. 1491; 4 R. C. L. Supp. 1695; 5 R.
    C. L. Supp. 1438; 6 R. C. L. Supp. 1581; 7 R. C. L. Supp. 911.

Defendants Jarvi & Lahti, copartners, appealed from a judgment
of the district court for St. Louis county, Grannis, J. entered in
favor of plaintiff and against them and defendant Parviainen.
Affirmed.

*Gran & Maki* and *Courtney & Courtney,* for appellants.

*M. E. Louisell* and *A. A. Toivonen,* for respondent.

HILTON, J.

Appeal from a judgment entered against the three defendants on
April 25, 1927, for $1,935.37.

Defendants Andrew Jarvi and Gust Lahti were copartners, doing
business under the firm name of Jarvi & Lahti. This action was
brought to recover on 17 wage claims, one of which was originally
the plaintiff's and the others owned by him by virtue of assignments.
Jarvi & Lahti were the owners of a quantity of timber which they
desired manufactured into lath. Defendant Parviainen owned a
portable lath sawmill. In December, 1925, a written contract was
entered into between Parviainen, as party of the first part, and the
firm, as party of the second part. By its terms, first party was to
furnish the labor and do the sawing at a stated rate per thousand
lath. Second party reserved the right to pay labor claims direct in
order to prevent liens. Payment was to be made on or before the
15th of each month to first party for 95 per cent of the amount

earned by him in the preceding calendar month; the remaining 5 per cent was to be retained until the close of each sawing season.

The mill operations continued until the latter part of May, 1926. Parviainen was to, and did, from time to time issue orders showing the amount due each laborer. He was liable therefor and judgment was directed against him for the full amount and no appeal taken.

The complaint alleges a modification of the written contract, as does also the separate answer of Parviainen. In the pleadings it is alleged that Jarvi & Lahti, because Parviainen did not have money to pay the laborers and carry on the operations and in order that the work might go on, agreed to pay all labor claims and repair bills. Such payments were to be charged to Parviainen's account. It was further alleged that this promise was by Parviainen and Jarvi & Lahti made known to and relied upon by the laborers. It was also alleged that this promise to pay was made direct or made known to the plaintiff and each of his assignors and for that reason they continued to work. Evidence was introduced supporting all of these allegations.

Defendants Jarvi & Lahti denied that such a modification of the contract was made, and by evidence supported their contentions that the allegations above mentioned were untrue and insisted that they were not obligated to pay out more than Parviainen had coming. During the 1926 sawing season Jarvi & Lahti paid all of the labor claims, except the last ones, the subject of this suit.

Log lien claims were filed in the office of the clerk of the district court of St. Louis county by plaintiff and some of his assignors but, due to the fact that the lath had been shipped away from the premises where sawed and out of the state, no steps were taken toward the foreclosure of such liens.

The case was tried to a jury and a verdict returned on January 12, 1927, against the three defendants for the full amount of the claims with interest thereon. A motion was made on January 22 upon the minutes of the court by the defendants Jarvi & Lahti for an order for judgment notwithstanding the verdict on the ground that the court erred in denying the motion for a directed verdict or dismissal at the close of the testimony, and for an order setting

aside the verdict and granting a new trial (on various grounds), which motion was denied by the court on February 1. Notice of the order making this denial was served upon the attorneys for Jarvi & Lahti on February 3. An attempt was made to renew the motion, an order to show cause was issued, and on April 16 the application was denied. The court held that, the time for appeal from the order made on February 1 having expired before the order to show cause was applied for, it was without jurisdiction to grant leave to renew the motion for a new trial.

Thirteen assignments of error are here alleged but need not be set forth in detail. The necessary points involved can be disposed of by a general discussion.

1. During the progress of the trial the court granted a motion to amend the complaint and refused to grant defendants' request for continuance. "The amendment of pleadings on the trial is a matter lying almost wholly in the discretion of the trial court and its action will not be reversed on appeal except for a clear abuse of discretion." 5 Dunnell, Minn. Dig. (2 ed.) § 7708. The general rule as to continuances is to the same effect. 1 Dunnell, Minn. Dig. (2 ed.) § 1709. The amendment did not change the issues raised by the pleadings to any appreciable extent, if at all. The history of this litigation and the situation at the time the motion was made was not one justifying a continuance, much less necessitating it. Defendants' counsel manifestly were not taken by surprise. Evidently they had at hand all necessary witnesses. The capable manner in which they met the situation indicates an entire lack of embarrassment due to the granting of the amendment. The case had been tried at least in part once before at considerable expense not only to the litigants but to the public. An end to the controversy was to be desired. We are of the opinion that the action of the court was proper under all the circumstances, and there was no abuse of discretion.

2. Error is assigned because the court, at the close of plaintiff's case, denied a motion to direct a verdict in favor of the defendants, and for denying a like motion at the close of the testimony. These

motions were based on the claim that no cause of action had been proved. Questions of fact as to the modification of the written contract and the extent of such modification, as well as other matters in dispute, were questions of fact for the jury. The court's ruling was correct.

3. The errors assigned because the court permitted parol evidence as to the modification of the contract and for admitting testimony of the laborers as to the statements made to them by Jarvi are without merit under the issues that were being tried. The original contract and the modified contract, if one was made, was a partnership affair. The defendant Jarvi, apparently in active management of the partnership business, had authority and, if the testimony is to be believed, did bind the partnership by the agreement to pay the labor claims. 5 Dunnell, Minn. Dig. (2 ed.) § 7358.

4. The court was correct in charging that if the jury found by a preponderance of the evidence that the contract was modified as claimed by plaintiff, the condition of the account as between Parviainen and the partnership made no difference. There was a square issue raised by the evidence as to whether the payment of labor claims was to be limited to an amount that might be coming to Parviainen.

5. Objection was taken to the charge of the court that a direct promise by Jarvi & Lahti to pay the claims was not necessary in order to render them liable. There was evidence showing that such direct promises were made to a number, if not all, of the claimants. However, an agreement between Parviainen and Jarvi (representing the partnership) ·that these labor claims would be paid by the firm was sufficient under the facts in this case even without direct notice or promise to the laborers. They were persons for whose benefit the contract was made and had a right of action on it. They had a legal or equitable claim to the benefit of the promise. Clark v. Clark, 164 Minn. 201, 204 N. W. 936, and cases cited; Gaffney v. Sederberg, 114 Minn. 319, 131 N. W. 333; St. Paul Foundry Co. v. Evenson, 169 Minn. 485, 211 N. W. 834, 213 N. W. 352. Whatever may be the future attitude of this court as to the main holding in Jefferson v. Asch, 53 Minn. 446, 55 N. W. 604,

25 L. R. A. 257, 39 A. S. R. 618, the facts in the present case clearly bring it within the exception referred to in that case.

6. The conclusion of the court was correct in holding that it was without jurisdiction to grant leave to renew the motion for a new trial after the time to appeal from the order denying the prior motion on the minutes had expired. Appellants have, however, on the appeal from the judgment, been permitted to raise and urge, and we have considered, all points that could have been raised had the renewal been granted.

From an examination of the entire case and a careful' consideration of all errors alleged, we hold that the trial court committed no error in its rulings, charge, or otherwise, and that the verdict was amply supported by the evidence.

Judgment affirmed.

Stone, J. (concurring).

I concur, but with respect to the main proposition on a somewhat different ground than that assigned by the majority opinion. The contracts sued upon were for the benefit of persons not parties thereto. They were beneficiaries rather than parties, and we are sustaining their right of recovery by the assertion that "they were persons for whose benefit the contract was made and had a right of action on it. They had a legal or equitable claim to the benefit of the promise." That proposition is supported by the cases cited, Clark v. Clark, 164 Minn. 201, 204 N. W. 936; Gaffney v. Sederberg, 114 Minn. 319, 131 N. W. 333; St. Paul Foundry Co. v. Evenson, 169 Minn. 485, 211 N..W. 834, 213 N. W. 352. But, in essence, it is in derogation of Jefferson v. Asch, 53 Minn. 446, 55 N. W. 604, 25 L. R. A. 257, 39 A. S. R. 618, wherein it was held that "a stranger to a contract between others, in which one of the parties promises to do something for the benefit of such stranger, there being nothing but the promise, no consideration from such stranger, and no duty or obligation to him on the part of the promisee, cannot recover upon it."

This case may be within that rule because it has something more than the bare promise, in that the plaintiffs continued to labor as

contemplated by the contracts of which they were the beneficiaries. But in my judgment the time has come definitely to overrule Jefferson v. Asch instead of gradually and without much frankness to slip away from it, as we have been doing in Clark v. Clark, 164 Minn. 201, 204 N. W. 936, and St. Paul Foundry Co. v. Evenson, 169 Minn. 485, 211 N. W. 834, 213 N. W. 352. In the latter case [at p. 488] we expressly recognized a "trend of the law" which "favors the right of the third party beneficiary to recover in his own name in an action at law." The cases are gathered and reviewed in Williston, Contracts, § 360, et seq. and Jefferson v. Asch is in the minority. The "trend of the law" elsewhere is well illustrated by Seaver v. Ransom, 224 N. Y. 233, 120 N. E. 639, 2 A. L. R. 1187, which shows that there the holding is ultimately going to be that any contract for the sole benefit of a third person may be enforced by him in the absence of defenses other than that predicated upon the mere fact that he is not a party to it. In New Jersey recovery is allowed a beneficiary who was undetermined when the contract was made. Whitehead v. Burgess, 61 N. J. L. 75, 38 A. 802. Tentatively, the American Law Institute has agreed, without a dissenting voice, that the doctrine of Jefferson v. Asch is not the law. 5 Proceedings American Law Institute, 375, et seq.

Aside from being out of line with a weight of authority which vastly preponderates against it, Jefferson v. Asch seems to me unsound in principle. It prevents obligation where obligation is not only intended but also expressed and paid for. That anomalous result is put upon reasons referable, in the main, to factors of consideration and privity. Consideration is a test of actionability, a determinant of the presence of obligation, and not of its quantity or the identity of the obligee. In express contract we look not at all to the source of the consideration but exclusively to the terms of the agreement to determine by whom and against whom its obligations are enforceable, and it is common to find an enforceable obligation in favor of one who has furnished no consideration. It is therefore no objection to an action on an express contract by a beneficiary of it that he did not furnish or was not a party to the consideration.

Another reason formerly urged in support of the doctrine of Jefferson v. Asch was that a beneficiary, as distinguished from a party to a contract, was not in privity with those who were parties. With respect to contracts, privity is an effect rather than a cause. It denotes "mutual or successive relationship to the same rights of property" (6 Wd. & Phr. 5606) or "the relationship" between contracting parties. 3 Bouvier, Law Dic. 2722. It signifies a relationship and not what creates it. Privity of contract arises from the agreement which vests certain rights and imposes obligations from which privity results. So, with respect either to a party or a beneficiary, the first thing to determine is what rights he has under the contract; and if the presence of right be determined, privity necessarily follows. And if, with respect either to a party or a beneficiary, there is a right to enforce a contract, there is necessarily the relationship called privity. Therefore to say that there is no right because there is no privity, rather than that there is no privity because there is no right, is a plain case of transposing cart and horse.

Because Jefferson v. Asch is clearly out of line, not only with the preponderating weight of authority but also with the reason of the case, I think it is time to overrule it instead of continuing to create exceptions from it, and frankly to assign the contrary doctrine as the ground of decision in cases of this kind.