## MARSHALL STATE BANK v. AUGUST BUESING AND OTHERS.[1]

December 20, 1929.

No. 27,561.

*Charles Dealy,* for appellants.
*J. V. Williams,* for respondent.

STONE, J.

Action to foreclose a mortgage, wherein plaintiff as mortgagee prevailed. Defendants appeal from the judgment.

Defendants August Buesing and Margaratia, his wife, are the mortgagors and the makers of the $9,000 note secured by the mortgage, both note and mortgage bearing date of March 16, 1925. The

[1]Reported in 228 N. W. 348.

land in question, a Lyon county farm, was by the Buesings conveyed to defendant Evarts by quitclaim deed March 23, 1925. By that deed Evarts assumed and agreed to pay the indebtedness to plaintiff secured by the mortgage. Defendants Bankers Life Company and Edward D. Ryan are not parties to the appeal.

■ The theory of the defense, both for the Buesings and Evarts, is that the note and mortgage were taken by plaintiff wholly for its own accommodation, without consideration moving to the mortgagors, and that Evarts, by the deed to him, simply took the title as trustee for plaintiff. The trouble with that theory is that there is much evidence against it, upon which the decision is based.

Briefly, the evidence for plaintiff is that at the time the mortgage was taken it was not interested in the mortgaged land in any way; and that the whole transaction was that of Evarts and for his exclusive benefit. There is quite satisfactory proof, much of it from the mouth of defendant Evarts himself, that the whole deal was engineered for his own profit; that after discharging prior liens in order to get title there remained a profit of $6,492.39, of which $372.55 he took in cash. The remaining $6,119.84 he used to pay a past due indebtedness to the bank upon which he was personally liable. Collateral to that indebtedness was a certain certificate for stock of the plaintiff owned by Evarts. When the debt was paid he admits that he and his associates took the certificate as their own; that "at no time since" has the bank had any interest therein, and that later he sold the stock evidenced by the certificate and kept the proceeds.

The case for defendants goes only to the extent of showing that the Buesings were accommodation makers of both note and mortgage. At that point their case breaks down because it appears so clearly that Evarts personally was the only one accommodated and that plaintiff gave full value for the note and mortgage. It is within the rule of G. S. 1923 (2 Mason, 1927) § 7072 (N. I. L. § 29) to the effect that an accommodation maker is liable on the instrument to a holder for value notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party.

It may be that the Buesings supposed they were acting for the accommodation of plaintiff because at the time Evarts, as a vice president, was one of its active officers. But he was acting in his own interest and not at all on any business of the bank. That the Buesings may have thought that they were accommodating plaintiff can have no effect as against the conclusive proof that the only party accommodated was their codefendant Evarts.

■ On behalf of defendant Evarts there is an attempt to invoke the doctrine of Jefferson v. Asch, 53 Minn. 446, 55 N. W. 604, 25 L. R. A. 257, 39 A. S. R. 618, and Kramer v. Gardner, 104 Minn. 370, 116 N. W. 925, 22 L.R.A.(N.S.) 492, that a third person for whose benefit a contract is made cannot enforce it when there is no privity, by contract or otherwise, between the promisee and the beneficiary —no obligation or duty owing from the former to the third person giving the latter an equitable claim to the benefit of the promise. Without now stopping to examine either the soundness or the limits of that doctrine (see St. Paul Foundry Co. v. Evenson, 169 Minn. 485, 211 N. W. 834, 213 N. W. 352; Peterson v. Parviainen, 174 Minn. 297, 219 N. W. 180) its own terms prevent its application here. There was privity between the promisees (defendants Buesing) and the beneficiary, plaintiff. Evarts' assumption of the mortgage is found to have been of the consideration for the deed from the Buesings to him. "It is the law of this state" that under such an agreement with a grantor personally liable for the debt (as the Buesings are here) "the mortgagee or his assignee may enforce the obligation by action against the assuming grantee." Wood v. Johnson, 117 Minn. 267, 268, 135 N. W. 746. That proposition puts beyond question the liability of defendant Evarts. In such a case the beneficiary, here plaintiff, is accurately classified by the American Law Institute as a "creditor beneficiary" who as such may enforce the promise. Restatement of Law of Contracts, Am. Law Inst. §§ 133 and 136.

Judgment affirmed.